UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| LIBERTY INSURANCE CORPORATION | * | CIVIL ACTION NO.: |
| --- | --- | --- |
| | * | |
| | * | JUDGE: |
| VERSUS | * | |
| | * | MAGISTRATE: |
| CONTINENTAL CASUALTY COMPANY | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

Liberty Insurance Corporation ("Liberty") brings this action for declaratory relief under 28 U.S.C. §§ 2201 against defendant Continental Casualty Company ("Continental"), alleging as follows:

### Parties

1.

Plaintiff Liberty is an insurance corporation incorporated under the laws of the State of Illinois, with its principal place of business in Boston, Massachusetts.

2.

Upon information and belief, defendant Continental is a foreign insurance company.

### Jurisdiction and Venue

3.

This Court has jurisdiction under 28 U.S.C. § 1332, because the dispute is between citizens of different states and the amount in controversy is in excess of $75,000.

4.

Venue lies in this District pursuant to 28 U.S.C. § 1391(a)(2) because Liberty's and Continental's mutual insured is domiciled in Baton Rouge, Louisiana and the policies at issue were delivered to the insured in Baton Rouge.

**Liberty's Insurance Policy Issued to Associated Grocers**

5.

Liberty issued Business Auto insurance policy number AS7-191-098908-086 (the "Liberty Policy"), effective May 24, 2006 to May 24 2007, to Associated Grocers Corporation and LLC ("Associated Grocers"). *See* Policy, attached as Exhibit A.

6.

The liability limit under the Liberty Policy is $1 million per occurrence. Exh. A at Policy Declarations.

7.

The Liberty Policy was delivered to Associated Grocers in Baton Rouge, Louisiana, where Associated Grocers has its principal place of business.

**Associated Grocers' Excess Insurer**

8.

Upon information and belief, Continental issued an umbrella liability insurance policy to Associated Grocers, effective May 24, 2006 to May 24, 2007, with liability limits of $20 million per occurrence ("the Continental Policy").

9.

Upon information and belief, the Continental Policy was delivered to Associated Grocers in Baton Rouge, Louisiana.

## The Kimble Lawsuit

10.

On November 30, 2006, Shelby Lynn Kimble was seriously injured in St. Landry Parish, Louisiana when a tractor-trailer owned by Associated Grocers and driven by Morris Evans, Jr. collided with a school bus in which she and many other children were riding.

11.

Immediately after the collision and before the Kimble Lawsuit was filed, Liberty was in direct contact with Associated Grocers regarding the accident and subsequent claims. There were approximately 40 claimants involved in the collision and Liberty Mutual and Associated Grocers worked hand in hand throughout the adjustment process on each claim, including discussions of settlement reserves, litigation and defense strategy, likelihood of settlement of each claim, and possible exposure.

12.

In 2007, Kimble's parents filed a lawsuit captioned *Van Blake Kimble and Machelle Kimble, individually and on behalf of their minor children, Shelby Lynn Kimble, garrett Michael Van Kimble and Ethan Blake Kimble v. Liberty Mutual Insurance Company, et al.*, No. 07-c-5943-1 in the Twenty-Seventh Judicial District Court for the Parish of St. Landry, seeking various damages (the "Kimble Lawsuit").

13.

Liberty assigned competent Louisiana counsel to defend Associated Grocers in the Kimble Lawsuit.

14.

As a result of settlements of other claims arising out of the same accident, Liberty had approximately $175,762.82 remaining on its $1 million liability limits to settle the Kimble Lawsuit.

15.

Liberty and Associated Grocers closely communicated at all times concerning the possible exposure that the Kimble Lawsuit presented. Liberty kept Associated Grocers informed concerning settlement demands received from plaintiffs in the Kimble Lawsuit. Associated Grocers has never indicated to Liberty that Liberty's handling of the Kimble Lawsuit or any of the other 39 claims arising out of the accident was not proper.

16.

The Kimble Lawsuit was tried in April 2010, and the Court found that Associated Grocers was liable to plaintiffs and awarded $1,180,340.83.

17.

Following the judgment, Liberty is paying plaintiffs $211,160.52, representing its remaining policy limits plus supplemental payments.

### Continental's Claims Against Liberty Mutual

18.

On June 4, 2010, Continental demanded that Liberty "assume payment of the complete judgment entered against Associated in the Kimble action of $1,185,345.83, including all interest." Continental claimed that Liberty "is unquestionably responsible for payment of the entire Kimble judgment because it failed to negotiate reasonable settlement of the Kimble claims

within Liberty's limits of coverage when it was readily obtainable and failed to adequately inform associated and Continental of settlement offers made by Kimble."

19.

On July 1, 2010, Liberty responded to Continental, stating that "Continental simply has no rights or causes of action to pursue against Liberty [] and its claims have no basis." First, Liberty denied that Liberty, as primary insurer, owed any duty to Continental, an excess insurer, under Louisiana law. Second, Liberty denied that Continental had acquired any rights against Liberty through conventional or legal subrogation.

20.

Accordingly, an actual controversy exists with regard to Continental's right, if any, to recover from Liberty the judgment awarded in the Kimble Lawsuit.

## CLAIMS FOR DECLARATORY JUDGMENT

**Count 1: Under Louisiana Law, Liberty, the Primary Insurer, Owes No Direct Legal Duty to Continental, the Excess Insurer**

21.

Liberty restates and realleges Paragraphs 1 through 20 of its Complaint as though fully set forth herein.

22.

Liberty neither owed nor breached any legal duty to Continental (Associated Grocers' excess insurer) in connection with its defense of Associated Grocers in the Kimble Lawsuit.

163836

### Count 2: Continental Cannot Assert A Subrogation Claim Against Liberty.

23.

Liberty restates and realleges Paragraphs 1 through 22 of its Complaint as though fully set forth herein.

24.

Louisiana law recognizes only conventional and legal subrogation. The only party who may assert a legal subrogation claim under Louisiana law is "an obligor who pays a debt he owes with others or for others and who has recourse against those others as a result of payment." La. Civ. Code art. 1829.

25.

Similarly, upon information and belief, the Continental Policy only affords Continental a right to subrogation where it has made a payment on behalf of the insured under the Continental Policy.

26.

Because Continental has not paid any portion of the judgment in the Kimble Lawsuit, it has no claim against Liberty based on legal or conventional subrogation.

27.

Furthermore, even if Continental could assert a subrogation claim against Liberty, which it cannot, it could assert only those claims that Associated Grocers possessed against Liberty.

28.

Associated Grocers has no claim against Liberty under Louisiana law based on Liberty's handling of the Kimble Lawsuit, because Liberty fully complied with its obligations to Associated Grocers under the Liberty Policy and Louisiana law.

29.

Liberty provided Associated Grocers with counsel in the Kimble Lawsuit and communicated closely with Associated Grocers at all times concerning the possible exposure and all settlement demands received from plaintiffs.

30.

Because Associated Grocers has no claim against Liberty based on its handling of the Kimble Lawsuit, Continental likewise acquired no claim through subrogation.

**Count 3: Liberty's Coverage to Associated Grocers is Exhausted.**

31.

Liberty restates and realleges Paragraphs 1 through 30 of its Complaint as though fully set forth herein.

32.

Liberty's obligation to indemnity Associated Grocers for loss is limited to the $1,000,000 limit of the Liberty Policy, plus supplemental payments. Liberty's payment of $211,160.52 has exhausted the policy limits for indemnity and any supplementary payments that Liberty could owe. Accordingly, Liberty's obligations to Associated Grocers under the Liberty Policy are fully satisfied and Associated Grocers has no rights under the Liberty Policy to transfer to Continental, through subrogation or otherwise.

163836

## PRAYER FOR RELIEF

**WHEREFORE**, Liberty prays that, after due proceedings, the Court enter judgment in its favor, and against the defendants, declaring as follows:

1. That Liberty owes no legal duty to Continental Casualty Company in connection with its handling of the lawsuit captioned *Van Blake Kimble and Machelle Kimble, individually and on behalf of their minor children, Shelby Lynn Kimble, garrett Michael Van Kimble and Ethan Blake Kimble v. Liberty Mutual Insurance Company, et al.*, No. 07-c-5943-1;

2. That Continental Casualty Company has no right to assert a legal or conventional subrogation claim against Liberty with respect to its handling of the lawsuit captioned *Van Blake Kimble and Machelle Kimble, individually and on behalf of their minor children, Shelby Lynn Kimble, Garrett Michael Van Kimble and Ethan Blake Kimble v. Liberty Mutual Insurance Company, et al.*, No. 07-c-5943-1, because Continental has not made any payment on behalf of Associated Grocers in connection with that lawsuit;

3. That Liberty did not breach any duty or obligation owed to Associated Grocers by law or under the language of the Liberty Policy, including without limitation the obligation to keep Associated Grocers informed or the obligation to settle within policy limits, and thus has no liability to Continental Casualty Company, as purported subrogee or otherwise, in connection with Liberty's handling of the lawsuit captioned *Van Blake Kimble and Machelle Kimble, individually and on behalf of their minor children, Shelby Lynn Kimble, Garrett Michael Van Kimble and Ethan Blake Kimble v. Liberty Mutual Insurance Company, et al.*, No. 07-c-5943-1;

163836

4. That Liberty's coverage to Associated Grocers under the Liberty Policy is exhausted, and thus Associated Grocers has no rights under the Liberty Policy to transfer to Continental Casualty Company, through subrogation or otherwise; and

5. That Liberty be awarded such other and further relief, legal or equitable, general or specific, as the Court may deem appropriate.

Respectfully submitted,

/s/ Catherine F. Giarrusso
H. Minor Pipes, III, 24603
Catherine Fornias Giarrusso, 29875
Kristin L. Beckman, 29758
 OF
BARRASSO USDIN KUPPERMAN
 FREEMAN & SARVER, L.L.C.
909 Poydras Street, Suite 2400
New Orleans, Louisiana 70112
Telephone: (504) 589-9700

*Attorneys for Liberty Insurance Corporation*

**SERVICE WITHHELD**